# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-26-00474-CV

**Jimmy Albiter and Dwana J. Albiter, Appellants**

**v.**

**Eusebio Frias-Medina, Maria Elisa Rodriguez-Martinez, Veronica Martinez, and Western Surety Company, Appellees**

---

**FROM THE 21ST DISTRICT COURT OF BASTROP COUNTY**
**NO. 1731-21, THE HONORABLE CARSON TALMADGE CAMPBELL, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Jimmy Albiter and Dwana J. Albiter filed this pro se appeal of the trial court's April 29, 2026 Order on Defendants' Traditional Motion for Summary Judgment in the underlying suit over the ownership and possession of real property. However, the summary-judgment order addresses only the Albiters' causes of action against Eusebio Frias-Medina and Maria Elisa Rodriguez-Martinez. It does not address Frias-Medina and Rodriguez-Martinez's counterclaims against the Albiters, nor does it address the Albiters' claims against Veronica Martinez and Western Surety Company[1]. The Clerk of this Court requested a response by July 6, 2026, demonstrating our jurisdiction over this appeal. The Albiters did not file any response.

---

[1] Although the Albiters' notices of appeal name Veronica Martinez as an appellee, the record indicates that they obtained a default judgment against her. Frias-Medina and Rodriguez-Martinez informed this Court that the summary-judgment did not dispose of their counterclaims against the Albiters. Western Surety informed this Court that the Albiters' cause of

In general, this Court's jurisdiction is limited to appeals in which there exists a final or appealable judgment or order. *See* Tex. Civ. Prac. & Rem. Code §§ 51.012 (addressing appeals from final judgments), .014 (addressing interlocutory appeals); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (stating general rule that appeal may be taken only from final judgment that disposes of all pending claims and parties in record unless statute provides for interlocutory appeal). A judgment issued without a conventional trial is final for purposes of appeal only if either (1) it actually disposes of all claims and parties then before the court, regardless of its language, or (2) it states with unmistakable clarity that it is a final judgment as to all claims and all parties. *In re C.K.M.*, 709 S.W.3d 613, 616 (Tex. 2025). Under the first method, an appellate court must review the record and determine whether the order in fact disposes of all then-pending claims and parties. *Id.* at 616-17. If it does, then the order is final under the first method even if the order's language does not clearly express its finality. *Id.* at 617.

The trial court's April 29, 2026 summary-judgment order does not dispose of all claims or all parties in the underlying suit, nor does it contain any language stating with unmistakable clarity that it is a final judgment as to all claims and parties. Thus, it is not final. No statute provides for an interlocutory appeal from this summary-judgment order. Because the order that the Albiters challenge is neither a final judgment nor an appealable interlocutory order, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

_____

Darlene Byrne, Chief Justice

---

action against it remains pending. The record does not disclose any order of severance. *See* Tex. R. Civ. P. 41.

Before Chief Justice Byrne, Justices Kelly and Theofanis

Dismissed for Want of Jurisdiction

Filed: July 16, 2026